IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHELE DOMER ) | |
| ) | Civil Action No. 25-1506 |
| Plaintiff, ) | Judge Nora Barry Fischer |
| ) | |
| v. ) | |
| ) | |
| SKILLGIGS, INC. ) | |
| ) | |
| Defendant. ) | |

**<u>MEMORANDUM OPINION</u>**

I.  INTRODUCTION

In this civil action, Plaintiff Michele Domer ("Domer" or "Plaintiff") alleges various claims against Defendant SkillGigs, Inc. ("SkillGigs" or "Defendant") for failure to pay wages pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, the Pennsylvania Minimum Wage Act, 43 P.S. § 333.101, *et seq.*, and the Pennsylvania Wage Payment Collection Law, 43 P.S. § 260.1, *et seq.*  (ECF No. 1).  Presently before the Court is Defendant's Motion to Dismiss or, in the alternative, Motion to Transfer (ECF No. 9), and Plaintiff's Brief in Opposition (ECF No. 13).  Defendant contends that this case should be dismissed or transferred to the United States District Court for the Southern District of Texas based on a forum selection clause in its employment contracts with Plaintiff.  (ECF No. 10).  Plaintiff argues that the forum selection clause should not be enforced because it is permissive, and private and public interest factors militate against dismissal.  (ECF No. 13 at 4-11).  In the alternative, Plaintiff states that the case should be transferred to the United States District Court for the Southern District of Texas, rather than dismissed.  (ECF No. 13 at 11).  After careful consideration of the parties' arguments and for the following reasons, Defendant's Motion is granted, in part, and denied, in part.  The Motion is granted to the extent that this Court will exercise its discretion pursuant to 28 U.S.C. § 1404(a)

and transfer this civil action to the United States District Court for the Southern District of Texas, Houston Division. Defendant's Motion is otherwise denied, as moot.

## II. BACKGROUND

Defendant is a Houston, Texas-based staffing company that places traveling nurses at hospitals in various locations, including Pennsylvania. Plaintiff is an Allegheny County resident who began her employment with Defendant as a Travel Registered Nurse ("RN") on January 29, 2024. (Compl., ECF No. 1 ¶ 25). In this role, Plaintiff worked at two different hospitals in Pennsylvania, selected by Defendant on a contract basis. (*Id.* ¶ 26).

Plaintiff's first assignment was as a Telemetry RN at the Lehigh Valley Hospital Network in East Stroudsburg, Pennsylvania from January 29, 2024, through March 23, 2024 ("the LVHN Contract"). (*Id.* ¶ 27). Plaintiff claims that Defendant has not paid her per the terms of the LVHN Contract, which was executed by a representative of SkillGigs, who is referred to as "Employer," and Plaintiff, who is referred to as "Contractor." Relevant for purposes of the pending Motion is the following Contract Language:

> This Agreement becomes valid only when both Contractor and a SkillGigs authorized representative signs in the indicated locations on the last page and the Contractor also initials at the bottom of all pages of this contract. The agreement shall not be considered valid otherwise. By signing and initialing the document the Contractor explicitly indicates acceptance of all terms and conditions detailed in this document, and willingly enters into a binding contract with Employer.
>
> This Agreement shall be governed by and enforced in accordance with the laws of the Commonwealth of Texas without reference to its conflicts of laws statutes. By signing this agreement, Contractor agrees that any and all disputes adjudicated in the courts of the Commonwealth of Texas.

(ECF No. 1-3 at 4). Along with both signatures, Plaintiff's initials appear on every page of the LVHN Contract. (*Id.* at 2-8). The LVHN Contract also contains the Houston address of Defendant and Plaintiff's Pittsburgh address.

A few months later, Plaintiff contacted her recruiter, Molly Goswami ("Goswami") and asked to be reassigned under a new contract. (ECF No. 1 ¶ 30). Goswami offered Plaintiff a new contract working the same position at Wilkes-Barre General Hospital ("the WBGH Contract") in Kingston, Pennsylvania. (*Id.* ¶ 31). The WBGH Contract had an identical structure as the LVHN Contract and once again noted the parties' respective addresses in Houston, Texas and Pittsburgh, Pennsylvania. (*Id.* ¶ 32). Plaintiff signed the WBGH Contract on March 16, 2024, began work on March 17, 2024, and completed the Contract on June 15, 2024. The WBGH Contract contained the identical forum selection clause quoted above, and Plaintiff's initials appear on every page of the Contract. (ECF No. 1-4 at 4).

After Plaintiff commenced work on the WBGH Contract, she received direct deposits that were significantly lower than those amounts designated in the WBGH Contract. (ECF No. 1 ¶¶ 41-42). Defendant then sent Plaintiff a new contract signed by Goswami on April 24, 2024 ("Second WBGH Contract"). (*Id.* ¶ 43). The Second WBGH Contract reduced Plaintiff's regular hourly rate and the overtime hourly rate. (*Id.* ¶ 44). Plaintiff refused to sign the Second WBGH Contract but continued to work under the original WBGH Contract until its completion on June 15, 2024. (ECF No. 1 ¶¶ 45-46). Again, the Second WBGH Contract contained the identical forum selection clause quoted above. (ECF No. 1-8 at 4).

Plaintiff claims that Defendant also owes her wages under the original, fully executed, WBGH Contract. (*Id.* ¶ 57). Plaintiff concludes that she repeatedly attempted to inquire about her proper payment of compensation through Defendant's payroll system and management because

3

Defendant did not provide her with any detail as to how her paychecks were being calculated. Her attempts were ultimately unsuccessful. (*Id.* ¶¶ 58-59). Akin to the contracts, the paystubs and W2 forms issued to Plaintiff contain her Pittsburgh address and Defendant's Houston address.

## III. PROCEDURAL HISTORY

Plaintiff initiated this civil action against SkillGigs on September 29, 2025. (ECF No. 1). After a failed meet and confer (ECF No. 9-3), Defendant filed this Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), or in the alternative, to Transfer pursuant to 28 U.S.C. § 1404(a). (ECF No. 9). Plaintiff submitted a Brief in Opposition on November 24, 2025 (ECF No. 13). The parties have not sought further briefing nor requested oral argument. Accordingly, the matter has been fully briefed and is now ripe for disposition.

## IV. LEGAL STANDARD

Defendant seeks to enforce the forum selection clause and has alternatively moved to dismiss or transfer venue of this civil action pursuant to Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1404(a). (ECF No. 9). The United States Supreme Court has stated that "[a]lthough a forum-selection clause does not render venue 'wrong' or 'improper' within the meaning of § 1406(a) or Rule 12(b)(3), the clause may be enforced through a motion to transfer under § 1404(a)." *Atlantic Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 59 (2013). 28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." The provision permits transfer to any district "to which the parties have agreed by contract or stipulation." *Atlantic Marine*, 571 U.S. at 59. "It is well established that Defendants bear the burden of proof to demonstrate that a discretionary transfer of venue is appropriate and that this

4

Court retains 'broad discretion' to transfer venue when justice so requires." *Castle Co-Packers, LLC v. Busch Machinery, Inc.*, 687 F. Supp.3d 659, 665 (W.D. Pa. 2023) (citing *Jumara v. State Farm Ins. Co.*, 55 F3d 873, 883 (3d Cir. 1995); *Ogundoju v. Attorney General of U.S.*, 390 F. App'x 134, 137 n.2 (3d Cir. 2010)).

With respect to transfer, as the United States Supreme Court has explained, "[t]he presence of a valid forum-selection clause requires district courts to adjust their usual § 1404(a) analysis . . . ." *Atlantic Marine,* 571 U.S. at 63, *quoted in*, *Zanghi v. FreightCar Am., Inc.*, 38 F. Supp. 3d 631, 641 (W.D. Pa. 2014). Forum selection clauses are "'prima facie valid and should be enforced.'" *Silvis v. Ambit Energy, L.P.*, 90 F.Supp.3d 393, 397 (E.D. Pa. 2015) (quoting *Foster v. Chesapeake Ins. Co., Ltd.*, 933 F.2d 1207, 1219 (3d Cir. 1991); *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972)). Such clauses "'[should be] given controlling weight in all but the most exceptional case.'" *MoneyGram Payment Sys., Inc. v. Consorcio Oriental, S.A.*, 65 F. App'x 844, 847-48 (3d Cir. 2003) (quoting *Stewart Org. Inc. v. Ricoh Corp.*, 487 U.S. 22, 33 (1988) (Kennedy, J., concurring)).

Accordingly, if a party wishes to avoid enforcement, it must make a strong showing that: (1) the clause was the result of fraud or overreaching; (2) enforcement of the clause would violate strong public policy of the forum; or (3) the forum selected is unreasonable. *QVC, Inc. v. Your Vitamins, Inc.*, 753 F.Supp.2d 428, 432 (D. Del. 2010) (quoting *Coastal Steel Corp. v. Tilghman Wheelabrator Ltd.*, 709 F.2d 190, 202 (3d Cir. 1983)). A forum is unreasonable for a party when "'resolution in the selected forum will be so manifestly and gravely inconvenient to it that it will be effectively deprived of a meaningful day in court.'" *MoneyGram*, 65 F. App'x at 848 (quoting *M/S Bremen*, 407 U.S. at 19). "'Only under extraordinary circumstances'" should a district court not enforce a valid forum selection clause. *Zanghi*, 38 F. Supp.3d at 641 (quoting *Atlantic Marine,* 571 U.S. at 62).

V.  DISCUSSION

Here, the forum selection clause in the LVGH and the WBGH Contracts states that "[b]y signing this agreement, Contractor agrees that any and all disputes adjudicated in the courts of the Commonwealth of Texas." (ECF Nos. 1-3 at 4 & 1-4 at 4, respectively).  Plaintiff's initials appear immediately below the quoted provision in both Contracts.[1]  (*Id.*).

Typically, a district court considering a motion under § 1404(a) would balance public and private interests to determine whether a transfer would be in the interests of justice and convenient for the parties and their witnesses.  *Atlantic Marine*, 571 U.S. at 62.  *See Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879-80 (3d Cir. 1995) (enumerating public and private interests).  In the case of a valid forum selection clause, courts need only consider public interest factors which militate against enforcement[2].  *Atlantic Marine*, 571 U.S. at 64.  Factors to consider include "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; and the interest in having the trial of a diversity case in a forum that is at home with the law." *Id*. at 62 n.6 (citation omitted).  These factors are rarely sufficient, alone, and forum selection clauses generally control.  *Id.* at 62, 64.

In this Court's estimation, there are no strong countervailing public interests which would counsel against enforcement of the forum selection clause.  Applying the public factors under *Atlantic Marine* and *Jumara*, it is Plaintiff's burden to show that the public interest factors

---

[1] Given the nature of Plaintiff's employment and her presumed level of education, it would appear that by signing the contracts, Plaintiff read and understood its contents.  *Martinez v. Skirmish, U.S.A., Inc.*, Civil Action No. 07-5003, 2009 WL 1676144, at *6 (E.D. Pa. June 15, 2009).

[2] Additionally, "plaintiff's choice of forum merits no weight." *Atlantic Marine*, 571 U.S. at 63.  When "a plaintiff agrees by contract to bring suit only in a specified forum – presumably in exchange for other binding promises by the defendant – the plaintiff has effectively exercised its 'venue privilege' before the dispute arises. Only that initial choice deserves deference . . . ." *Id.*

overwhelmingly disfavor a transfer. *Atlantic Marine*, 571 U.S. at 67. The public interest factors include:

> (1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious, or inexpensive; (3) the relative administrative difficulty in the two fora resulting from court congestion; (4) the local interest in deciding local controversies at home; (5) the public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law in diversity cases.

(ECF No. 13 at 8-9) (citing *Jumara*, 55 F.3d at 880). Plaintiff concedes that several of the public interest factors are neutral, including the enforceability of the judgment; the public policies of the fora concerning the enforceability of forum selection clauses; and the fact that federal judges from districts all over the country routinely apply the laws of other states. (ECF No. 13 at 9-10).

The Court agrees that these factors are neutral as to transfer. But the Court also finds that the parties and witnesses are located in both Texas and various parts of Pennsylvania. For example, although Plaintiff's wages accrued in Pennsylvania, those wages were paid by Defendant in Texas. The parties also reached across state lines to negotiate the staffing contracts. As such, the costs associated with travel will exist regardless of venue. In addition, as discussed by Plaintiff, the time for resolving civil disputes in the Western District of Pennsylvania is only slightly faster (by less than one month) that the Southern District of Texas. (ECF No. 13 at 9). Moreover, the Southern District of Texas has as much an interest in resolving the contractual disputes of SkillGigs as Plaintiff has in resolving her dispute in the Western District of Pennsylvania. Plaintiff cannot demonstrate that these public interest factors "overwhelmingly" weigh in her favor. *See Atlantic Marine*, 571 U.S. at 64.

Plaintiff further argues that because the forum selection clause is permissive, rather than mandatory, the Court must also consider the private interests generally considered in a § 1404(a)

*forum non conveniens* analysis. (ECF No. 13 at 4-11). That is, Plaintiff contends that the clause indicates only that the parties authorized or consented to venue in Texas, "with the flexibility of bringing the same in a judicial district of her own preference[,]" citing *Wall v. Corona Capital, LLC*, 221 F. Supp.3d 652, 658 (W.D. Pa. 2016). In *Wall*, where the court found the forum selection clause to be permissive, the clause provided that "[i]n the event of a dispute concerning this agreement, the parties agree that venue lies in a court of competent jurisdiction in Monmouth County, New Jersey." *Id.* The *Wall* court noted that this language authorized venue in Monmouth County, New Jersey, but it did not exclusively limit the forum. *Id.* Here, the clause at issue contains the limiting language that "*any and all disputes*" be adjudicated in Texas. In interpreting the language as a whole, as it must, the Court finds that this clause is mandatory in that it requires *all disputes* to be brought in the contractually chosen forum of Texas. *See CentiMark Corp. v. 1901 Gateway Holdings, LLC*, Civ. A. No. 21-426, 2021 WL 4245088, at *5 (W.D. Pa. Sept. 17, 2021) (citing *Wall*, 221 F. Supp.3d at 658); *see also Castle Co-Packers*, 687 F. Supp.3d at 669 (finding that the forum selection clause stating that "the legal jurisdiction for any action against [defendant] is [the chosen forum]" was a mandatory clause rather than permissive).

The Court observes that the forum selection provision does not specify a particular forum, instead referencing "the courts of the Commonwealth of Texas." (ECF Nos. 1-3 at 4 & 1-4 at 4). Transfer of a case is generally not possible when the clause does not include a federal court as a potential venue. *Salovaara v. Jackson Nat'l Life Ins. Co.*, 246 F.3d 289, 298 (3d Cir. 2001). Yet, because the provision at issue expresses that "the courts of the Commonwealth of Texas" are acceptable, the clause does not limit jurisdiction to state court. Rather, it requires only that the

8

Court sit in Texas. The Court takes judicial notice[3] that Houston is located in the Southern District of Texas. Accordingly, a transfer to the United States District Court for the Southern District of Texas, Houston Division, is appropriate because the Defendant is located in that District.[4]

VI. CONCLUSION

For all of these reasons, Defendant's Motion is granted in part, and denied, in part. Defendant's Motion is granted to the extent that the Court will exercise its discretion under 28 U.S.C. § 1404(a) and transfer the case to the United States District Court for the Southern District of Texas, Houston Division. Defendant's Motion is otherwise denied as moot.

An appropriate Order follows.

Dated: December 3, 2025

*s/Nora Barry Fischer*
Nora Barry Fischer
Senior U.S. District Judge

cc/ecf: All counsel of record
        Clerk of Court, U.S. District Court for the Southern District of Texas, Houston Division

---

[3] *See In re Synchronoss Securities Litig.*, 705 F.Supp.2d 367, 390 (D.N.J. 2010) ("[M]atters of which judicial notice may be taken include facts capable of immediate and certain verification by resort to sources whose accuracy is beyond dispute."). The Court also takes judicial notice of the fact that Texas is not a Commonwealth.

[4] The employment agreements indicate that Defendant and its affiliates are located in Houston, Texas. (ECF Nos. 1-3 at 2 & 1-4 at 2).